Ready *v.* Steamboat Highland Mary.

———————

READY, Respondent, *vs.* STEAMBOAT HIGHLAND MARY, Appellant.

1. Negligence is not a conclusion of law from the fact that a boat passes, *in the night,* a point in the river known to be difficult for boats to pass.

*Appeal from Jackson Circuit Court.*

*Hovey,* for appellant, relied upon *Collier* v. *Valentine,* 11 Mo. Rep. 310.

*Napton,* for respondent. The fact of "negligence" is found by the court. This is not to be understood as a declaration of the legal proposition that, under all circumstances, it would be negligence in a boat to pass a difficult and dangerous channel after daylight. That such was not the meaning of the

30—VOL. XVII.

court is obvious from the other facts found, viz : that the dangerous condition of the river, at this bend, was *known* to the officers of the boat, and that the *guard* of the boat was struck, and not the hull, and consequently by a limb projecting above the water, which might have been avoided in the day light. These facts altogether make out a clear case of negligence. *Williams* v. *Grant,* 1 Conn. Rep. 487. It is not necessary, under the code, for the court to detail in its finding all the circumstances upon which the fact of negligence depends. These are preserved in the bill of exceptions.

GAMBLE, Judge, delivered the opinion of the court.

Ready filed a complaint, under the statute, against the Highland Mary, charging that he had taken passage on the boat at Rocheport to go to Kansas, and that he had taken with him on board the boat a horse, to be transported on the same voyage, and be delivered at Kansas, the dangers of the river and fire excepted ; that he was to pay for his own passage five dollars, and for the transportation of his horse the same sum ; that on the voyage, by reason of the negligence of the officers and crew of the boat in placing the horse in an insecure place on the boat, and by negligent and careless management of the boat, the horse was lost overboard and never delivered at Kansas. An answer was filed for the boat, in which it was denied that the horse was taken on board the boat under any contract between the plaintiff and the boat or her officers, and it was alleged that the horse was at the risk of the plaintiff and subject to his order ; that he was put in as secure a place as any other on the boat, and that his position was known to the plaintiff, who was a passenger on board ; that the horse was lost entirely by the dangers of the navigation, and not by the negligence or want of skill or care of the officers or crew of the boat. At the trial, it appeared that the horse was fastened on the afterguard of the boat, and that in passing a dangerous part of the river, after night, the boat encountered a snag which tore away the

guard upon which the horse stood, and he was precipitated into the river and lost.

The case being submitted to the court to try the facts without a jury, the facts were specially found in these words : "That the plaintiff, in the fall of 1849, at Rocheport, took passage on the defendant, on her way up the Missouri river, and placed on board the horse mentioned in the petition, which horse was to be delivered by defendant at Kansas, and as the boat was ascending the river, the horse was knocked off the boat at the mouth of the Little Blue, some distance below Kansas, by a snag coming in contact with the boat, and was lost ; that the place where the horse was lost, was a difficult point for boats to pass, in consequence of the snags in the river at that place, and was known to be such by the officers of the boat ; that the boat passed through that place in the night, and struck a snag which tore off the guard behind the wheel house, where the horse was placed, and the horse was knocked off and lost ; that he was worth one hundred and twenty-five dollars." The decision of the court is then added in these words : "The decision of the court is, that the defendant is guilty of negligence in passing through the snags in the night, and is liable to the plaintiff for the worth of the horse lost, and directs judgment to be entered for the sum of one hundred and twenty-five dollars." The judgment was accordingly entered.

In the amended petition, it was alleged that the horse was to be carried for hire ; and in the answer thereto, it is denied that he was taken on board the boat under any contract ; but the court does not find upon this question either way, although the obligation of a carrier without reward, is very different from that of a carrier for hire.

1. The Circuit Court, in its finding of the facts connected with the loss of the horse, finds only that the boat, while passing in the night a part of the river rendered difficult by snags, and known to be difficult by the officers of the boat, struck a snag, in consequence of which the horse was lost. From these facts, the conclusion of law is pronounced that the boat

is liable, on account of the negligence of the officers in passing such place in the night. In *Collier* v. *Valentine*, 11 Mo. Rep. 309, this language is used, in the opinion of the court, delivered by Judge Scott, when speaking of passing bars and snags in our rivers, and showing the difference between such impediments and the rocks and shoals found in ocean navigation : " But, it is obvious, that this doctrine, (that of the liability of a common carrier, on account of the vessel striking against a *known* rock or shoal,) cannot apply to the navigation of our inland rivers, where a vessel cannot avoid a bar or snag, and there is no other way but to pass over it. Where carelessness or rashness is imputed, under such circumstances, every case must be determined by its own facts. That a carrier may make himself liable for rashness or negligence in passing such place, by which a loss is occasioned, there is no question ; and so it is equally clear that it may be passed under such circumstances as will exonerate him from all responsibility. The course usually pursued by skilful pilots, in passing a bar or snag, or dangerous place in the river, must be the test by which the propriety of the conduct of the carrier is to be ascertained." It is obvious that, under the principles here stated, the Circuit Court, in the present case, was not justified in deciding that there was negligence in the management of the boat, merely because a difficult place was passed in the night. It may be that, in some conditions of the weather and the moon, the place at which the loss occurred might as safely be passed at night as in the day ; and it may be the general practice of pilots, in passing that place, when ascending the river, to pass it as often in the night as in the day. Negligence was not a just inference from the facts found ; it certainly was not a conclusion of law from those facts.

The judgment will be reversed, and the cause remanded for further proceedings, the other judges concurring.